**UNITED STATES DISTRICT COURT**   **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| HERBERT WIGGINS, | § § § § | |
| Plaintiff, | § § | |
| *versus* | § § § | CIVIL ACTION NO. 9:25-CV-317 |
| WARDEN CASTLEBERRY, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Herbert Wiggins, an inmate confined at the Lewis Unit, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against prison officials.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing this action for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff objects to the dismissal of this action based on his failure to exhaust administrative remedies. Plaintiff asserts that dismissal is improper because the "Prison Litigation Reform Act did not include administrative remedies for prisoner seeking money damages . . . ." After careful consideration, the court concludes plaintiff's objections are without merit and should be overruled. Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement

"applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Therefore, plaintiff's objections are without merit.[1]

**O R D E R**

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of April, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1]    It is noted that plaintiff filed an amended complaint after his objections.  The amended complaint, however, neither alleges nor demonstrates he had exhausted administrative remedies prior to filing this action.